```
                                                         CLERK'S OFFICE U.S. DIST. COURT
                                                                AT ROANOKE, VA
                                                                    FILED
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JAN 3 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

| | |
|---|---|
| **RICKY PAGE REYNOLDS,** ) | |
| Petitioner, ) | Civil Action No. 7:06cv00082 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Ricky Page Reynolds brings this motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming his 2000 sentence is unconstitutional under <u>United States v. Booker</u>, 543 U.S. 220 (2005) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The Supreme Court did not make its decision in <u>Booker</u> retroactively applicable to cases on collateral review. See <u>id.</u> at 769; <u>U.S. v. Johnson</u>, 146 Fed.Appx. 656 (4th Cir. 2005) (one of a series of recent unpublished Fourth Circuit opinions in which the court has explicitly held that the Supreme Court did not make <u>Blakely</u> and <u>Booker</u> retroactive to cases on collateral review). Therefore, Reynolds may not raise his <u>Booker</u> claim at this juncture. Further, The Supreme Court decided <u>Apprendi</u> on June 26, 2000, before Reynolds filed his August 25, 2000 notice of appeal; yet Reynolds did not raise an <u>Apprendi</u> claim on direct appeal. Thus, Reynolds has procedurally defaulted his <u>Apprendi</u> claim and may not raise that claim as part of a § 2255 motion. See <u>U.S. v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). Accordingly, the court denies Reynolds' § 2255 motion.

ENTER: This 31st day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE