CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICKY PAGE REYNOLDS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06cv00082 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Ricky Page Reynolds brings this motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming his 2000 sentence is unconstitutional under United States v. Booker, 543 U.S. 220 (2005) and Apprendi v. New Jersey, 530 U.S. 466 (2000). The Supreme Court did not make its decision in Booker retroactively applicable to cases on collateral review. See id. at 769; U.S. v. Johnson, 146 Fed.Appx. 656 (4th Cir. 2005) (one of a series of recent unpublished Fourth Circuit opinions in which the court has explicitly held that the Supreme Court did not make Blakely and Booker retroactive to cases on collateral review). Therefore, Reynolds may not raise his Booker claim at this juncture. Further, The Supreme Court decided Apprendi on June 26, 2000, before Reynolds filed his August 25, 2000 notice of appeal; yet Reynolds did not raise an Apprendi claim on direct appeal. Thus, Reynolds has procedurally defaulted his Apprendi claim and may not raise that claim as part of a § 2255 motion. See U.S. v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). Accordingly, the court denies Reynolds' § 2255 motion.

ENTER: This 31st day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE