IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 24 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

RICKY PAGE REYNOLDS,          )
    Petitioner,          )          Civil Action No. 7:06cv00082
                   )
                   )
v.                   )          MEMORANDUM OPINION AND ORDER
                   )
                   )
UNITED STATES OF AMERICA,          )          By: Samuel G. Wilson
    Respondent.          )          United States District Judge

      Petitioner Ricky Page Reynolds brings this Federal Rule of Civil Procedure 59(e) motion, seeking reconsideration of the court's January 31, 2006, order dismissing his 28 U.S.C. § 2255 challenge to his conviction for possession with intent to distribute five grams or more of crack cocaine. The court held that Reynolds could not raise his claim under United States v. Booker, 543 U.S. 220 (2005), because the Supreme Court did not make that decision retroactively applicable to cases on collateral review and that Reynolds had procedurally defaulted any claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), by failing to raise the issue on appeal. In support of the current motion, Reynolds claims that he instructed his attorney to raise an Apprendi claim on appeal and that his attorney's failure to do so constitutes cause and prejudice capable of excusing his procedural default. However, even were this true, Reynolds' Apprendi claim lacks merit.[1]

      Apprendi only applies if the challenged sentence "exceed[s] the maximum allowable without a jury finding of a specific threshold drug quantity." See United States v. Promise, 255 F.3d 150,

---

[1] Moreover, though the court's decision in no way rests on timeliness grounds, Reynolds' petition appears to fall outside the one-year statute of limitations applicable to motions under 28 U.S.C. § 2255.

156 (4th Cir. 2001). Reynolds had a prior felony drug conviction;[2] therefore, under 21 U.S.C. 841(b)(1)(C), the court could have imposed a sentence of up to 360 months for possession with intent to distribute *any* detectable quantity of crack, with no finding of a specific threshold drug quantity. The court imposed a sentence of 360 months, and, because that sentence was within the range authorized by 841(b)(1)(C), Apprendi is inapplicable to Reynolds' sentence. Also, to the extent Reynolds attempts to raise a stand-alone claim of ineffective assistance with regard to his attorney's alleged failure to raise Apprendi on appeal, because any claim under Apprendi would have lacked merit, counsel's failure to raise the issue cannot be said to have prejudiced Reynolds. See Strickland v. Washington, 466 U.S. 668, 669 (1984) (requiring a petitioner claiming ineffective assistance to show both that counsel's performance fell below an objective standard of reasonableness and that counsel's errors prejudiced him to the extent that, but for the errors, the outcome of his hearing or case would have been different). Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Reynolds' motion for reconsideration is **DENIED**.

        **ENTER**: This 23rd day of February, 2006.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

_____

        [2]In 1993, Reynolds was convicted in the Circuit Court for Roanoke City of possession with intent to distribute crack cocaine. In accordance with 21 U.S.C. § 851, the United States filed an information before trial to establish that prior conviction for sentencing purposes.